ORIGINAL

ARTHUR E. ROSS, #1005
126 QUEEN STREET, SUITE 210
HONOLULU, HAWAII 96813
TELEPHONE NO. 521-2323

RORY SOARES TOOMEY, #2323
1088 BISHOP STREET, SUITE 1004
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7162

Attorneys for Plaintiffs
BARBARA KALANIKIEKIE
KAAPUNI, JON HANS
KAAPUNI, Sr., PAMELA
NOHOLANI KAAPUNI, JON
HANS KAAPUNI, Jr., FALLON
KALANIKIEKIE KAAPUNI,
AND TYRAH NOHOLANI
KAAPUNI by her best friend
JON HANS KAAPUNI, Sr.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 3 0 2005

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BARBARA KALANIKIEKIE KAAPUNI, JON HANS KAAPUNI, Sr., PAMELA NOHOLANI KAAPUNI, JON HANS KAAPUNI, Jr., FALLON KALANIKIEKIE KAAPUNI, AND TYRAH NOHOLANI KAAPUNI by her best friend JON HANS KAAPUNI, Sr., <br><br> Plaintiffs, <br><br> vs. | CIVIL NO. CV-04-00449-SOM-LEK <br><br> PLAINTIFFS' MEMORANDUM IN OPPOSITION TO CARLTON HELM, CHRISTINA HALL, KELLY PAUOLE, JAMIE WINFREY, HAROLD MANAAOIS, AND KAENA BROWN'S MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE <br><br> **HEARING:** <br><br> DATE: January 17, 2006 |

| | | |
|---|---|---|
| CARLTON HELM, in his individual capacity, STAG SAGARIO, in his individual capacity, CHRISTINA WILLIAMS, in her individual capacity, KELLY ARLOS, in his individual capacity, JAMIE WINFREY, in her individual capacity, HAROLD MANAOIS, in his individual capacity, KEANA BROWN, in her individual) capacity, AND THE COUNTY OF MAUI,<br><br>                    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | TIME:     9:30 a.m.<br><br>JUDGE:   Hon. Susan Oki Mollway |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO CARLTON HELM CHRISTINA HALL, KELLY PAUOLE, JAMIE WINFREY HAROLD MANAOIS ANF KAENA BROWN'S MOTION FOR SUMMARY JUDGMENT

This memorandum is offered by Barbara Kalanikiekie Kaapuni, Jon Hans Kaapuni, Sr., Pamela Noholani Kaapuni, Jon Hans Kaapuni, Jr., Liauo Kalani Castor, Fallon Kalanikiekie Kaapuni, and Tyrah Noholani Kaapuni (hereinafter referred to as the Kaapuni Family) Plaintiffs above-named in opposition to the motion for summary judgment offered by Carlton Helm, Christina Hall, Kelly Pauole, Harold Manaois, and Keana Brown (hereinafter collectively referred to as the Defendants). Because the Defendants did not comply with Chapter 803 of the Hawaii Revised Statutes they are not entitled to summary judgment.

### STANARD OF REVIEW

2

Summary judgment shall not be granted if there is a material dispute over the facts or the movant is **not** entitled to judgment as a matter of law. Porter v. California Department of Corrections, 383 F. 3d 1018, 1024 (9th Cir. 2004). In reviewing the facts offered in support of or in opposition to a motion for summary judgment the Court must view those facts in the light most favorable to the party opposing the motion. id and T. W Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n., 809 F. 2d 626, 631 (9th Cir. 1987). If the facts in their totality viewed in the light most favorable to the party opposing the motion show that there is a material dispute of fact or that the movants are not entitled to judgment, than the Court must deny summary judgment. id

The burden is upon the movants to set forth specifically undisputed which show that they are entitled to judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F. 3d 1099, 1102 (9th Cir. 2000). If the movant does not meet this burden, he is not entitled to summary judgment.

In this case the Defendants cannot meet the burden that he is entitled to judgment because there is a dispute of material fact. Therefore, the Defendants' motion for summary judgment must be denied.

## DETERMINING FACTS

On the morning of January 24, 2004, Barbara Kalanikiekie Kaapuni

(hereinafter referred to as Ms. Kaapuni) was awake and in the family livingroom when the glass sliding door seemed to explode and people unknown to her entered. At first, Ms. Kaapuni believed these people to be a gang intent on robbing the place, however, once Ms. Kaapuni got a good looked at them she realized that they were police.

Prior to their entrance into the Kaapuni home, the police did not knock at the door, announce themselves, or demand entry into that house. Had the police done so Ms. Kaapuni would have let them in.

This is in direct contradiction to the factual scenario provided by the Defendants. The Defendants claim that Kelly Pauole called out and waited ten seconds, twice repeated this process and when that did not get a response from the Kaapunis, then they broke into the Kaapuni home.

In deciding this motion this Court is bound to accept Ms. Kaapuni's assertion of the facts. Pac. Elec. Contractors Ass'n., 809 F. 2d 626, 631.

## THE DEFENDANTS VIOLATED THE PLAINTIFFS' FOURTH AMENDMENT RIGHTS

Hawaii Revised Statutes 803-37 is a knock and announce statute that requires a public official executing a search warrant to knock, announce his or her presence and to demand entrance into the structure to be searched. It is a part of

the Fourth Amendments reasonableness inquiry, and its violation is a violation of the Fourth Amendment. Wilson v. Arkansas, 514 U.S. 927, 115 S. Ct. 1914 (1995), and United States v. Granvile, 222 F. 3d 1214, 1218 (9th Cir. 2000).

Under Hawaii's know knock law the police must not only knock, announce their presence and demand entry, they must give the people inside the structure to be searched a reasonable time to respond. Granvile, 222 F. 3d 1214, and State v. Garcia, 77 Haw. 461, 887 P. 2d 677 (Haw. App. 1995). Once force is used to enter a building to be searched, the failure to comply with this law is unlawful, and a violation of the Fourth Amendment. Wilson, 514 U.S. 927, 115 S. Ct. 1914 and State v. Harada, 98 Haw. 18, 41 P. 3d 174 (2002).

The keystone to the Defendants motion for summary judgment is their claim that Hawaii Revised Statute 803-37 authorized them to smash their way into the Kaapuni family home. Because they did not comply with the requirements of Hawaii Revised Statute 803-37 that statute not only does not authorize their breaking into the Kaapuni family's home, it turns that break in into a Fourth Amendment claim prohibiting this Court from granting their motion.

## DAMAGES

The Defendants entry into the Kaapuni family's home by shattering the glass sliding door is an intentional act. All of the damages suffered by the Kaapuni

5

family were caused by that act, and therefore, the damage to the carpet us intentional and the Defendants are liable for it.

CONCLUSION

THE DEFENDANTS LATEST MOTION FOR SUMMARY JUDGMENT MUST BE DENIED.

DATED: Honolulu, Hawaii, December 30, 2005

Respectfully Submitted

_____
ARTHUR E. ROSS
RORY SOARES TOOMEY
Attorneys for Plaintiffs
BARBARA KALANIKIEKIE KAAPUNI, JON HANS KAAPUNI, Sr., PAMELA NOHOLANI KAAPUNI, JON HANS KAAPUNI, Jr., FALLON KALANIKIEKIE KAAPUNI, AND TYRAH NOHOLANI KAAPUNI by her best friend JON HANS KAAPUNI, Sr.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BARBARA KALANIKIEKIE KAAPUNI, JON HANS KAAPUNI, Sr., PAMELA NOHOLANI KAAPUNI, JON HANS KAAPUNI, Jr., FALLON KALANIKIEKIE KAAPUNI, AND TYRAH NOHOLANI KAAPUNI by her best friend JON HANS KAAPUNI, Sr., <br><br> Plaintiffs, <br><br> vs. <br><br> CARLTON HELM, in his individual capacity, STAG SAGARIO, in his individual capacity, CHRISTINA WILLIAMS, in her individual capacity, KELLY ARLOS, in his individual capacity, JAMIE WINFREY, in her individual capacity, HAROLD MANAOIS, in his individual capacity, KEANA BROWN, in her individual capacity, AND THE COUNTY OF MAUI, <br><br> Defendants. | CIVIL NO. CV-04-00449-SOM-LEK <br><br> CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 30, 2005, a copy of the attached document was served by United States Mail, first class postage prepaid upon:

MOANA M. RAMAYA
200 S. HIGH STREET
WAILUKU, HAWAII 96793

Attorney for Defendant
COUNTY OF MAUI

DATED: Honolulu, Hawaii, December 30, 2005

_____
ARTHUR E. ROSS
RORY SOARES TOOMEY
Attorneys Plaintiffs
BARBARA KALANIKIEKIE
KAAPUNI, JON HANS
KAAPUNI, Sr., PAMELA
NOHOLANI KAAPUNI, JON
HANS KAAPUNI, Jr., FALLON
KALANIKIEKIE KAAPUNI,
AND TYRAH NOHOLANI
KAAPUNI by her best friend
JON HANS KAAPUNI, Sr.