```
DEPARTMENT OF THE CORPORATION COUNSEL    205

BRIAN T. MOTO         5421
Corporation Counsel
MOANA M. LUTEY        6385
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Phone:   (808) 270-7740
Fax No.: (808) 270-7152
E-mail: moana.lutey@co.maui.hi.us
S:\ALL\MMR\CIV\Kaapuni\Reply memo.wpd

Attorneys for Defendants COUNTY OF MAUI,
  CARLTON HELM, CHRISTINA WILLIAMS, KELLY
  PAUOLE, JAMIE WINFREY, HAROLD MANAOIS AND
  KAENA BROWN
```

                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII


| | |
|---|---|
| BARBARA KALANIKIEKIE KAAPUNI, JON HANS KAAPUNI, SR., PAMELA NOHOLANI KAAPUNI, JON HANS KAAPUNI, JR., FALLON KANALIKIEKIE KAAPUNI, AND TYRAH NOHOLANI KAAPUNI by her best friend JON HANS KAAPUNI, SR.,<br><br>       Plaintiffs,<br>  vs.<br><br>COUNTY OF MAUI, CARLTON HELM, RONALD SAGARIO, CHRISTINA WILLIAMS, KELLY ARLOS, JAMIE WINFREY, HAROLD MANAOIS, AND KAENA BROWN,<br><br>       Defendants | CIVIL NO. 04-00449 SOM-LEK<br>(Other Non-motor vehicle tort)<br><br>COUNTY DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT; DECLARATION OF MOANA M. LUTEY; CERTIFICATE OF SERVICE<br><br><br>Hearing date: January 17, 2006<br>Time: 9:30 a.m.<br>Judge: Hon. Susan Oki Mollway |

**COUNTY DEFENDANTS' REPLY MEMORANDUM**
**IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

     Defendants County of Maui, Carlton Helm, Christina Williams,

Kelly Pauole, Jamie Winfrey, Harold Manaois, and Kaena Brown (collectively referred to as "County Defendants"), submit their Reply Memorandum in Support of Their Motion for Summary Judgment.

I.  **ARGUMENT**

    A.  **BARBARA KAAPUNI'S DECLARATION THAT SHE DID NOT HEAR POLICE PERFORM THE KNOCK AND ANNOUNCE IS NOT SUFFICIENT TO DEFEAT COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Barbara Kalanikiekie Kaapuni's submitted a declaration attached to Plaintiffs' Memorandum in Opposition to County Defendants' Motion for Summary Judgment.  Plaintiff Barbara Kaapuni's declaration states that she did not hear the police perform the knock and announce prior to their entry into her home.  That declaration is insufficient to defeat summary judgment in this case.  Pierce v. Burkart, 2005 WL 1862416 (E.D.Mich. 2005).

In Pierce, Plaintiffs alleged violations of the Fourth and Fourteenth Amendments, claiming that police officers had failed to knock and announce before executing a search warrant at Plaintiffs' residence.  Id. at 1.  The plaintiffs testified that they did not hear the police knock and announce before entering, while the officers testified they had done so.  Id. at 5.

The Court granted summary judgment in favor of the officers. The Court found that:

> **Testimony by occupants of the home that they did not hear the police knock and announce**

2

> **does not give rise to a reasonable inference that the police failed to do so, and thus is insufficient to defeat summary judgment . . .** To infer that they occupants of the Pierce residence did not hear the police knock and announce because they failed to so, requires improper speculation and conjecture.

Id. at 5 (emphasis supplied).

This conclusion was reached by the Court even though at least three people in the Pierce residence testified that they were awake at the time the police entered and did not hear the knock and announce by police.  Id at 5.

A similar conclusion was reached in Maravilla v. U.S., 867 F.Supp. 1363 (N.D.Ill. 1994).  The facts in Maravilla are also similar to the case at the bar.  There, ATF agents were sued for failing to knock and announce before entering the plaintiffs' residence.

> The agents claim that they announced themselves as police, waited for a response, and upon receiving none forced their way into the residence. Four of the Plaintiffs, all of whom were on the first floor and thus presumably fairly well-positioned to hear any such announcement, claimed never to have heard one.

Id. at 1382.

The court found that "...  Plaintiff's testimony amounts to no more than claims that they did not *hear* the agents announce themselves."  Id. at 1383 (emphasis in original).  Therefore, the court concluded that:

> ... Plaintiffs' testimony that they did not

>    *hear* agents announce themselves as police
>    before entering the residence fails to raise
>    a genuine issue of fact regarding whether the
>    agents did so.

Id. at 1383 (emphasis in original). Accordingly, summary judgment was entered in favor of the defendant agents on the claim that they failed to knock and announce. Id. at 1384.

In reaching this conclusion, the Maravilla court cited to Ford v. Childers, 855 F.2d 1271 (7th Cir. 1988), and Klein v. Ryan, 847 F.2d 368 (7th Cir. 1988). In Klein, the plaintiff (Klein) was shot by police while burglarizing a laundromat. Id. at 369-71.

>    Klein denies having heard anyone identify
>    themselves as police officers. Nevertheless,
>    Klein does not present any evidence to
>    dispute that Ryan did identify himself as a
>    police officer; Klein merely says that he did
>    not *hear* anyone do so. Thus, we find, as did
>    the district court, that it is undisputed
>    that Ryan identified himself as a police
>    officer and ordered Klein to halt.

Id. at 373 (emphasis in original).

The Ford Court reached a similar conclusion, finding that the plaintiff's testimony that he did not hear any warnings prior to being shot by police "... fails to present a question of material fact as to whether giving the warnings was feasible and if in fact they were given." Ford, 855 F.2d at 1276.

The conclusion from these cases is clear: the fact that Plaintiff Barbara Kaapuni claims not to have heard the police knock and announce does not give rise to an issue of material

4

fact.  Barbara Kaapuni cannot testify on the central issue, which is whether the police knocked and announced before entering the Kaapuni dwelling.  Her declaration states only that she did not **hear** any such announcement.  As Pierce, Maravilla, Klein, and Ford demonstrate, this is not evidence that the police failed to knock and announce.  See, also, Martin v. City of Oceanside, 360 F.3d 1078, 1084 (9th Cir. 2004); U.S. v. Foreman, 30 F.3d 1042, 1044 (8th Cir. 1994); U.S. v. Posada-Rios, 158 F.3d 832, 868 (5th Cir. 1998).

The only evidence regarding the knock and announce is the statement of the officer, stating a knock and announce was performed before entry was made into the Kaapuni residence.  See Affidavit of Kelly Pauole attached to County Defendants' Motion for Summary Judgment.

Summary judgment is, therefore, appropriate for Defendants on this issue.

    **B.    DAMAGE TO PLAINTIFFS' SLIDING DOOR TO GAIN ENTRY INTO THE RESIDENCE WAS AUTHORIZED BY LAW**

Hawaii Revised Statutes §803-37 specifically permits officers to break doors when necessary.  Plaintiffs are not entitled to recover damages merely because a door was broken.  In fact, Plaintiffs have not cited any law to support this contention.  In the absence of legal support for Plaintiffs' contention, this claim should be dismissed.

    **C.    DAMAGE TO PLAINTIFFS' CARPET WAS NOT NEGLIGENT**

As argued in County Defendants' Motion for Summary Judgment, property damage caused by mere negligence does not equate to a violation entitling Plaintiffs to the recovery of damages. Bergquist v. County of Cochise, 806 F.2d 1364, 1369, *citing* Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 666-67, 88 L.Ed.2d 662 (1986); Mann v. City of Tucson, 782 F.2d 790, 793 (9th Cir. 1986).  As such, this Court should dismiss this claim.

## II. CONCLUSION

For the reasons contained herein, summary judgment should be granted in favor of the County Defendants on all of Plaintiffs' remaining claims.

DATED:  Wailuku, Maui, Hawaii, January 6, 2006.

```
                              BRIAN T. MOTO
                              Corporation Counsel
                              Attorney for Defendant
                                CARLTON HELM, CHRISTINA HALL,
                                KELLY PAUOLE, JAMIE WINFREY,
                                HAROLD MANAOIS, KAENA BROWN AND
                                COUNTY OF MAUI


                         By   /s/ Moana M. Lutey
                              MOANA M. LUTEY
                              Deputy Corporation Counsel
```

6

7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BARBARA KALANIKIEKIE KAAPUNI; JON HANS KAAPUNI, SR., PAMELA NOHOLANI KAAPUNI, JON HANS KAAPUNI, JR., FALLON KALANIKIEKIE KAAPUNI, and TYRAH NOHOLANI KAAPUNI by her best friend JON HANS KAAPUNI, SR.,<br><br>Plaintiffs,<br><br>vs.<br><br>CARLTON HELM, in his individual capacity; STAG SAGARIO, in his individual capacity, CHRISTINA WILLIAMS, in her individual capacity, KELLY ARLOS, in his individual capacity, JAMIE WINFREY, in her individual capacity, HAROLD MANAOIS, in his individual capacity, KEANA BROWN, in her individual capacity, and the COUNTY OF MAUI,<br><br>Defendants. | CIVIL NO. CV 04-00449 SOM LEK<br>(Non-Motor Vehicle Tort)<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was duly served on January 6, 2006, upon the following parties, by depositing same in the U. S. Mail, postage prepaid, at their last known addresses:

   Arthur E. Ross, Esq.
   126 Queen Street, Suite 210
   Honolulu, Hawaii 96813

   Rory Soares Toomey, Esq.
   1088 Bishop Street, Suite 1004

```
Honolulu, Hawaii 96813
(Attorneys for Plaintiffs)

DATED:  Wailuku, Maui, Hawaii, January 6, 2006.

                        BRIAN T. MOTO
                        Corporation Counsel
                        Attorney for Defendants
                          CARLTON HELM, CHRISTINA HALL,
                          KELLY PAUOLE, JAMIE WINFREY,
                          HAROLD MANAOIS, KAENA BROWN AND
                          COUNTY OF MAUI

                        By/s/ Moana M. Lutey
                          MOANA M. LUTEY
                          Deputy Corporation Counsel
```