IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BARBARA KALANIKIEKIE KAAPUNI; )<br>JON HANS KAAPUNI, SR., PAMELA )<br>NOHOLANI KAAPUNI; JOHN HANS   )<br>KAAPUNI, JR.; FALLON          )<br>KALANIKIEKIE KAAPUNI; and     )<br>TYRAH NOHOLANI KAAPUNI by her )<br>best friend JOHN HANS         )<br>KAAPUNI, SR.,                 )<br>                              )<br>        Plaintiffs,           )<br>                              )<br>   vs.                        )<br>                              )<br>CARLTON HELM, in his          )<br>individual capacity; STAG     )<br>SAGARIO, in his individual    )<br>capacity; CHRISTINA WILLIAMS, )<br>in her individual capacity;   )<br>JAMIE WINFREY, in her         )<br>individual capacity, HAROLD   )<br>MANAOIS, in his individual    )<br>capacity, KEANA BROWN, in her )<br>individual capacity; and the  )<br>COUNTY OF MAUI,               )<br>                              )<br>        Defendants.           )<br>_____ ) | CIVIL NO. 04-00449 SOM/LEK<br><br><br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I.      INTRODUCTION.

Defendants Carlton Helm, Stag Sagario, Christina Williams, Jamie Winfrey, Harold Manaois, and Keana Brown (collectively, "the Officers") move for summary judgment on the only remaining claims before this court:  (1) Count One, which concerns damage to a sliding door and a carpet during the execution of a search warrant, and (2) Count Five, which seeks punitive damages.  The Kaapunis oppose the motion.  Because a

genuine dispute of material fact exists as to whether the

Officers knocked and announced their presence, pursuant to Haw.

Rev. Stat. § 803-37, before breaking the sliding glass door, the

court denies summary judgment on that claim.  However, the court

grants summary judgment regarding the alleged damage to the

carpet.  The court denies summary judgment as to Count Five.

II.     LEGAL STANDARD.

        The court incorporates by reference the legal standard

in its order of August 26, 2005.

III.    BACKGROUND FACTS.

        On January 24, 2004, police officers executed two

search warrants, one for Jon Kaapuni, Jr., and one for a

residence at 859 Kikipua Street in Kaunakakai, Molokai, Hawaii,

believed to be the residence of Jon Kaapuni, Jr.  All parties

agree that the police officers entered the residence by breaking

a sliding glass door.  However, the parties dispute whether the

officers knocked and announced their presence before breaking the

door.

        According to Officer Kelly Pauole ("Officer Pauole"),

the police arrived at the Kaapuni residence to execute the search

warrants and went to a security screen door on the south side of

the residence.  Affidavit of Kelly Pauole ("Pauole Aff.") ¶ 6.

Finding the screen door locked, the police moved to a sliding

glass door on the west side of the residence.  Pauole Aff. ¶ 7.

The glass door was also locked.  Pauole Aff. ¶ 7.  Officer Pauole claims to have knocked on the glass door three times and yelled, "Police, search warrant.  We demand entry."  Pauole Aff. ¶ 8.  Each time, according to Officer Pauole, the police waited for a response from someone in the home, but heard none.  Pauole Aff. ¶¶ 8-11.  Officer Pauole says that, after the third attempt with no response, a sergeant instructed an officer to break the glass door.  Pauole Aff. ¶ 11.  The police did break the door and entered the Kaapuni residence.  Pauole Aff. ¶ 11.

Barbara Kaapuni ("Barbara") disputes Officer Pauole's recollection of events.  She says she was awake in her home when the police executed the search warrant.  Declaration of Barbara Kaapuni ("Barbara Decl.") ¶¶ 3, 5.  She claims that the police "did not knock at the door, announce themselves, or demand entry in to the house."  Barbara Decl. ¶ 5.  She says, "Had they done so, I would have opened the door to them.  The [f]irst I knew that there were people entering my home [was] when I heard the glass from the sliding doors shatter."  Id. ¶¶ 6-7.

According to Jon Hans Kaapuni, Sr., ("Kaapuni, Sr."), the officers executing the warrant damaged his carpet as they ran into his room.  Deposition of Kaapuni, Sr., ("Kaapuni, Sr., Depo.") at 97-98.  Kaapuni, Sr., says:

> When they came in--I just did my carpet.
> When they rush in here, now they was running
> around the corner.  Now, I stretched my
> carpet, and we had the big stretcher for

3

>           stretch everything.  Not on the kicker.  We
>           had the stretcher, too.  I know all about
>           houses.  Nobody can tell me about houses.
>           And when you use a kicker--we had a big
>           stretcher for stretch the carpet.  It's
>           brand-new carpet now, okay.  What happened,
>           it all started to wrinkle up because they was
>           running around the corner to run to my room
>           and started to all crumble up.  That's why I
>           said you can see the lines really in it.  You
>           cannot not really see it now.

Kaapuni, Sr., Depo. at 97-98.

IV.        ANALYSIS.

        A.     Damage to the Kaapunis' Sliding Glass Door.

        The Officers contend that they broke the Kaapunis'

sliding glass door after complying with Haw. Rev. Stat. § 803-37,

which requires that police officers declare their business and

demand entrance.  Motion at 4.  Claiming to have properly knocked

and announced their presence, the Officers argue that the

breaking of the sliding glass door was reasonable.  Motion at 5.

The Kaapunis say they were home and awake but did not hear any

knock or announcement by the police.  On the record before this

court, there is a genuine dispute of material fact as to whether

the police complied with Haw. Rev. Stat § 803-37.  This dispute

precludes summary judgment as to the Kaapunis' claim for damage

to their door.

        In identifying a genuine dispute of fact, this court

recognizes that the destruction of property during the execution

of a search warrant does not necessarily violate the Fourth

4

Amendment.  United States v. Becker, 929 F.2d 442, 446 (9th Cir.

1991) (citing Tarpley v. Greene, 684 F.2d 1, 9 (D.C. Cir. 1982)).

"Officers executing search warrants on occasion must damage

property in order to perform their duty."  Id. (quoting Dalia v.

United States, 441 U.S. 238, 258 (1979)).  "The standard is

reasonableness; 'destruction of property that is not reasonably

necessary to effectively execute a search warrant may violate the

Fourth Amendment.'"  Id. (quoting Tarpley, 684 F.2d at 9).

Whether a search is unreasonable must be determined by the

particular facts of each case.  Id. (citing New Jersey v. T.L.O.,

469 U.S. 325, 337 (1985)).

        The Officers claim that breaking the sliding glass door

was reasonable because they broke the door pursuant to Haw. Rev.

Stat. § 803-37.  Section 803-37 authorizes police officers to

break doors when executing search warrants under the following

circumstances:

> The officer charged with the warrant, if a
> house . . . is designated as the place to be
> searched, may enter it without demanding
> permission if the officer finds it open.  If
> the doors are shut the officer must declare
> the officer's office and the officer's
> business, and demand entrance.  If the doors,
> gates, or other bars to the entrance are not
> immediately opened, the officer may break
> them.

Haw. Rev. Stat. § 803-37.

        Officer Pauole claims to have knocked on the sliding

glass door three times and yelled, "Police, search warrant.  We

5

demand entry." Officer Pauole Aff. ¶¶ 8-11. The Officers assert
that this evidence establishes their compliance with Haw. Rev.
Stat § 803-37 and the reasonableness of their actions.

However, a genuine issue of fact arises from Barbara's
declaration. She begins by claiming, "The police did not knock
at the door, announce themselves, or demand entry in to the
house." Barbara Decl. ¶ 5. If this were the only thing she
said, the court would not find a genuine issue of fact. By
itself, this statement is Barbara's conclusion, as Barbara
provides no foundation for saying, as a factual matter, what the
police did or did not do. But this is not all Barbara says. She
explains that, if the police had knocked or announced themselves,
she "would have opened the door to them." Id. ¶ 6. Taken
together, these two statements amount to evidence that Barbara
did not hear any knock or announcement by the police.

It is unclear what part of the house Barbara was in
when Officer Pauole claims to have knocked and announced the
police presence, but Barbara says that she was awake and in her
home when the police broke the sliding glass door. Id. ¶¶ 4-5.
Taking Barbara's statements in the light most favorable to the
Kaapunis and drawing all reasonable inferences in their favor,
the court concludes that a reasonable jury could find that she
heard no knock or announcement and that this was because the
police had not knocked or announced their presence before

6

breaking the glass door.  See California v. Campbell, 319 F.3d
1161, 1166 (9th Cir. 2003) ("A genuine dispute arises if the
evidence is such that a reasonable jury could return a verdict
for the nonmoving party."); Addisu v. Fred Meyer, Inc., 198 F.3d
1130, 1134 (9th Cir. 2000) ("There must be enough doubt for a
'reasonable trier of fact' to find for plaintiffs in order to
defeat the summary judgment motion.").

        Admittedly, a failure to hear a knock or announcement
does not conclusively establish that no knock or announcement
occurred.  That was recognized in district court cases from other
circuits that are cited by the Officers.  See Pierce v. Burkart,
No. 03-74250, 04-74185, at *5 (E.D. Mich. Aug. 4, 2005) ("To
infer that the occupants of the Pierce residence did not hear the
police knock and announce because [the police] failed to do so,
requires improper speculation and conjecture."); Maravilla v.
United States, 867 F. Supp. 1363, 1383 (N.D. Ind. 1994)
(concluding that "Plaintiffs' testimony that they did not hear
agents announce themselves as police before entering the
residence fails to raise a genuine issue of fact regarding
whether the agents did so").  However, this court is bound by
Ninth Circuit precedent entitling nonmoving parties like the
Kaapunis to have courts assume the truth of the facts they
assert.  When "direct evidence" produced by the moving party
conflicts with "direct evidence" produced by the party opposing

summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party.  Porter v. Cal. Dep't of Corr., 383 F.3d 1018, 1024 (9th Cir. 2004).  The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage.  Id.  For purposes of this motion, the court assumes that Barbara heard no knock or announcement.  A jury could reasonably infer that there was no knock or announcement. The court leaves for trial the issue of the Officers' and the Kaapunis' credibility.[1]

The Kaapunis have met their burden to "set forth specific facts showing that there is a genuine issue for trial." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).  Accordingly, the court denies the Officers' motion for summary judgment regarding damage to the sliding glass door.

---

[1] At trial, the parties' respective assertions can be tested by cross-examination.  Barbara will not be able to present from the witness stand a mere conclusion that the police did not knock or announce.  Barbara is also likely to be called upon to be specific about such matters as her location within the home at the time.  The court cautions the Kaapunis that they are unlikely to prevail at trial if their testimony is as vague and confusing as their descriptions were in earlier proceedings before this court concerning an allegedly similar house in their neighborhood.

8

B.    Damage to the Kaapunis' Carpet.

The Officers argue that any damage to the Kaapunis'
carpet was "caused by negligence at best" and was not
unreasonably destructive.  Motion at 6.  The Officers contend
that "this claim must be dismissed."  Id.  The court agrees.

As previously mentioned, "destruction of property that
is not reasonably necessary to effectively execute a search
warrant may violate the Fourth Amendment."  Becker, 929 F.2d at
446 (quoting Tarpley, 684 F.2d at 9).  The court reviews the
particular facts of each case to determine the reasonableness of
a search.  Id. (citing New Jersey v. T.L.O., 469 U.S. 325, 337
(1985)).  The Ninth Circuit also says that, "[i]f the damage to
the property was caused by the officers' mere negligence, there
is no violation of the due process clause of the fourteenth
amendment."  Bergquist v. County of Cochise, 806 F.2d 1364, 1369
(9th Cir. 1986), disapproved on other grounds by City of Canton
v. Harris, 489 U.S. 378, 387 (1989).

The only evidence before the court regarding damage to
the Kaapunis' carpet is Kaapuni, Sr.'s deposition testimony.
Kaapuni, Sr., says that, while executing the search warrant, the
police caused the carpet to "wrinkle up because they was running
around the corner to run to my room."  Kaapuni, Sr., Depo. at 97.
The Kaapunis present no evidence of something more than
negligence on this issue, only arguing, "The [Officers'] entry

9

into the Kaapuni family's home by shattering the glass sliding
door is an intentional act.  All of the damages suffered by the
Kaapuni family were caused by that act, and therefore, the damage
to the carpet us [sic] intentional and the [Officers] are liable
for it."  Opp. at 5-6.

        The Kaapunis do not present any evidence showing that
the damage to the carpet was not reasonably necessary or was
intentional.  Without more, the court is compelled to conclude
that there is no genuine dispute of fact that the police wrinkled
the carpet while executing the search warrant in a reasonable
manner.  Thus, the Officers' alleged damage to the carpet does
not, on the record before the court, violate the Fourth or
Fourteenth Amendments.  See Becker, 929 F.2d at 446 ("destruction
of property that is not reasonably necessary to effectively
execute a search warrant may violate the Fourth Amendment");
Bergquist, 806 F.2d at 1369 ("If the damage to the property was
caused by the officers' mere negligence, there is no violation of
the due process clause of the fourteenth amendment.").
Accordingly, the court grants summary judgment in favor of the
Officers on this claim.

        C.    Punitive Damages.

        The Officers also move for summary judgment on Count
Five, which asserts that the Officers' actions "were intentional
and malicious and done in total disregard of the [Kaapunis']

10

rights, and therefore, the [Kaapunis] are entitled to an award of punitive damages." However, the Officers present no argument concerning Count Five. Because the claim against the Officers for damage to the sliding glass door remains before the court, the court denies summary judgment as to Count Five.

V.        CONCLUSION.

       This court grants summary judgment in favor of the Officers with respect to the part of Count One in which the Kaapunis claim that their carpet was damaged during the search. Questions of fact preclude summary judgment with respect to the portion of Count One in which the Kaapunis claim that their sliding glass door was unnecessarily damaged. Thus, the court denies summary judgment on that claim. The court also denies summary judgment as to Count Five.

       This order leaves for further adjudication: (1) the portion of Count One concerning damage to the sliding glass door, and (2) Count Five, seeking punitive damages.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, January 17, 2006.

                                    Susan Oki Mollway
                                    United States District Judge

Kaapuni v. Helm, et al., Civ. No. 04-00449 SOM/LEK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT