**ORIGINAL**

ARTHUR E. ROSS, #1005
126 QUEEN STREET, SUITE 210
HONOLULU, HAWAII 96813
TELEPHONE NO. 521-2323

RORY SOARES TOOMEY, #2323
1088 BISHOP STREET, SUITE 1004
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7162

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 0 2 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BARBARA KALANIKIEKIE KAAPUNI ET AL, <br><br> Plaintiffs, <br><br> vs. <br><br> CARLTON HELM, in his individual capacity, ET AL, <br><br> Defendants. | CIVIL NO. CV-04-00449-SOM-LEK <br><br> PLAINTIFFS' PRETRIAL STATEMENT; CERTIFICATE OF SERVICE |

PLAINTIFFS' PRETRIAL STATEMENT

Barbara Kalanikiekie Kaapuni, Jon Hans Kaapuni, Sr., Pamela Noholani Kaapuni, Jon Hans Kaapuni, Jr., Fallon Kalanikiekie Kaapuni, and Tyrah Noholani Kaapuni (hereinafter collectively referred to as the Kaapunis) by and through their attorneys Arthur E. Ross, Esq. and Rory Soares Toomey, Esq., and

pursuant to L. R. 16.6 and the Orders of this Court submit the following pretrial statement.

A

This pretrial statement is filed on behalf of the Kaapunis.

B

Carlton Helm, Christine Williams, in her individual capacity, Wihfrey Wady, and Kelly Arios, (hereinafter collectively referred to as the Defendants) violated Ms. Coloyan's Fourth, Amendment Right to be free from unreasonable searches and seizures as guaranteed to her by the Constitution of the United States of America in violation of 42 U. S. C. 1983 et. seq. This Honorable Court has jurisdiction to grant the relief prayed for under 28 U.S.C. 1331 along with 28 U. S. C. 1343; and because all parties reside in the District of Hawaii venue is properly in the above-entitled Court pursuant to 28 U. S. C. 1391 (b).

The Kaapunis accepts that jurisdiction and venue is in this Court. The Plaintiff is unaware of any challenge to the jurisdiction and venue of this Court brought by any of the Defendants.

C

Certain of the Defendants needlessly broke the sliding door to the Kaapunis' home while carrying out a raid.

D

D

In the early morning hours of January 34, 2004, the Defendants and others crashed through a sliding door to gain entry into the Kaapunis' home.

E

On the morning of January 24, 2004, Barbara Kalanikiekie Kaapuni (hereinafter referred to as Ms. Kaapuni) was awake and in the family livingroom when the glass sliding door exploded and people unknown to her entered. At first, Ms. Kaapuni believed these people to be a gang intent on robbing the place, however, once Ms. Kaapuni got a good looked at them she realized that they were police.

Prior to their entrance into the Kaapuni home, the police did not knock at the door, announce themselves, or demand entry into that house. Had the police done so Ms. Kaapuni would have let them in.

F

The Kaapunis are asking to recover the cost of replacing their sliding door, including the installation of its replacement. In addition, they are seeking general damages for the humiliation and the emotional trams inflicted on them by the Defendants by the Defendants choice of entry into the Kaapunis' home.

The Defendants intentionally chose their method of entry into the Kaapunis'

home. That method was known by these Defendants to be illegal, oppressive, and likely to alarm the members of the Kaapuni family that were inside when the Defendants smashed their way in. Therefore, the Kaapunis' are entitled to an award of punitive damages against the Defendants.

G

Hawaii Revised Statutes 803-37 is a knock and announce statute that requires a public official executing a search warrant to knock, announce his or her presence and to demand entrance into the structure to be searched. It is a part of the Fourth Amendments reasonableness inquiry, and its violation is a violation of the Fourth Amendment. Wilson v. Arkansas, 514 U.S. 927, 115 S. Ct. 1914 (1995), and United States v. Granvile, 222 F. 3d 1214, 1218 (9th Cir. 2000).

Under Hawaii's know knock law the police must not only knock, announce their presence and demand entry, they must give the people inside the structure to be searched a reasonable time to respond. Granvile, 222 F. 3d 1214, and State v. Garcia, 77 Haw. 461, 887 P. 2d 677 (Haw. App. 1995). Once force is used to enter a building to be searched, the failure to comply with this law is unlawful, and a violation of the Fourth Amendment. Wilson, 514 U.S. 927, 115 S. Ct. 1914 and State v. Harada, 98 Haw. 18, 41 P. 3d 174 (2002).

The keystone to the Defendants' claim that Hawaii Revised Statute 803-37

4

authorized them to smash their way into the Kaapuni family home. Because they did not comply with the requirements of Hawaii Revised Statute 803-37 that statute not only did not authorize their breaking into the Kaapuni family's home, it turns out that smashing the Kaapunias's sliding door is a violation of the Fourth Amendment.

## H

The parties filed the following motions:

1. Plaintiffs' Motion to Amend Complaint, which was withdrawn.

2. Defendant County of Maui's motion for summary judgment, which was granted in part and denied in part. The claims against the County and for an illegal search of the Kaapuni'S home and the camp sight of Jon Hans Kaapuni were granted. The Court denied this motion as it pertained to the destruction of a sliding door and a carpet.

3. Defendants' motion for summary judgment, which was granted in part and denied in part. The Court dismissed the claim for the destruction of the carpet.

## I

1    Barbara Kalanikiekie Kaapuni

This witness will testify about the living arrangements at the Kaapunis'

home, the events at the Kaapuni's home on the morning of January 24, 2004, and/or the damages that the Kaapunis endured in general and this witness suffered in particular.

    2.    Jon Hans Kaapuni, Sr.

This witness will testify about the living arrangements at the Kaapunis' home, the events at the Kaapuni's home on the morning of January 24, 2004, and/or the damages that the Kaapunis endured in general and this witness suffered in particular.

    3.    Pamela Noholani Kaapuni

This witness will testify about the living arrangements at the Kaapunis' home, the events at the Kaapuni's home on the morning of January 24, 2004, and/or the damages that the Kaapunis endured in general and this witness suffered in particular.

    4.    Jon Hans Kaapuni, Jr.

This witness will testify about the living arrangements at the Kaapunis' home, the events at the Kaapuni's home on the morning of January 24, 2004, and/or the damages that the Kaapunis endured in general and this witness suffered in particular.

    5.    Fallon Kalanikiekie Kaapuni

This witness will testify about the living arrangements at the Kaapunis' home, the events at the Kaapuni's home on the morning of January 24, 2004, and/or the damages that the Kaapunis endured in general and this witness suffered in particular.

    6.    Tyrah Noholani Kaapuni

This witness will testify about the living arrangements at the Kaapunis' home, the events at the Kaapuni's home on the morning of January 24, 2004,

and/or the damages that the Kaapunis endured in general and this witness suffered in particular.

    7.    Custodian of Records Bruce Duffy Construction

This witness will authenticate the estimate of Bruce Duffy Construction to repair the damage to the Kaapunis' home, including the sliding door.

    8.    Custodian of Records Rapanot Construction LLC

This witness will authenticate the estimate of Rapanot Construction LLC to repair the damage to the Kaapunis' home, including the sliding door.

The Kaapunis reserve the right to amend this list of witnesses.

### J

Exhibit One is a Photograph depicting the shattered sliding door of the Kaapuni dwelling.

Exhibit Two is an estimate of Rapanot Construction LLC to repair the damage to the Kaapunis' home, including the sliding door.

Exhibit Four is an estimate of Bruce Duffy Construction to repair the damage to the Kaapunis' home, including the sliding door.

Exhibit Five is the search warrant issued on January 16, 2004, authorizing the search of the Kaapunis' home.

The Kaapunis reserve the right to amend this list of exhibits.

### K

The Kaapunis believe that discovery has been completed and the remaining motions are the motions in limine and the remaining trial motions.

L

At this time there are no stipulations regarding trial and none have been proposed.

M

There are no motions for dismissal now pending nor are there amendments to the pleading at this time.

N

The Defendants have offered one-thousand-two-hundred dollars as compensation for the aforementioned door. The Kaapunis have countered by offering to accept one-thousand-two-hundred dollars as compensation for the aforementioned door and the cash taken by the police from the Kaapuni home.

O

The Kaapunis believe that the presentation of this case by statement is not feasible.

P

Bifurcation of this matter is not feasible.

Q

The Kaapunis are not willing to have this matter referred to a magistrate for trial or other disposition.

R

The Kaapunis believe that appointment of an expert by the Court is not necessary.

S

A timely demand for trial by jury has been made. Trial in this matter is set for June 29, 2006.

T

The Kaapunis' case is expected to take five trial days, and the Defendants should take about the same amount of time.

U

At this time the Kaapunis do not believe that a claim of work product or privilege currently exists, however, the Kaapunis reserve the right to raise a claim work product and/or privilege should it be necessary.

DATED:    Honolulu, Hawaii, 05/02/06

Respectfully Submitted

_____
ARTHUR E. ROSS

RORY SOARES TOOMEY
Attorneys for Plaintiffs
BARBARA KALANIKIEKIE
KAAPUNI, JON HANS
KAAPUNI, Sr., PAMELA
NOHOLANI KAAPUNI, JON
HANS KAAPUNI, Jr., FALLON
KALANIKIEKIE KAAPUNI,
AND TYRAH NOHOLANI
KAAPUNI by her best friend
JON HANS KAAPUNI, Sr.

Plaintiffs' Pretrial Statement filed in the matter of Barbara Kalanikiekie Kaapuni, et al. vs. Carlton Helm, in his individual capacity, et al., in the United States District Court for the District of Hawaii Civil No. CV-04-00449-SOM-LEK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BARBARA KALANIKIEKIE KAAPUNI, JON HANS KAAPUNI, Sr., PAMELA NOHOLANI KAAPUNI, JON HANS KAAPUNI, Jr., FALLON KALANIKIEKIE KAAPUNI, AND TYRAH NOHOLANI KAAPUNI by her best friend JON HANS KAAPUNI, Sr., <br><br> Plaintiffs, <br><br> vs. <br><br> CARLTON HELM, in his individual capacity, STAG SAGARIO, in his individual capacity, CHRISTINA WILLIAMS, in her individual capacity, KELLY ARLOS, in his individual capacity, JAMIE WINFREY, in her individual capacity, HAROLD MANAOIS, in his individual capacity, KEANA BROWN, in her individual) capacity, AND THE COUNTY OF MAUI, <br><br> Defendants. | CIVIL NO. CV-04-00449-SOM-LEK <br><br> CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 05/02/06 a copy of the attached document was served by United States Mail, first class postage prepaid upon:

MOANA M. RAMAYA
200 S. HIGH STREET
WAILUKU, HAWAII 96793

Attorney for Defendants

DATED: Honolulu, Hawaii, 05/02/06

_____
ARTHUR E. ROSS
RORY SOARES TOOMEY
Attorneys Plaintiffs