DEPARTMENT OF THE CORPORATION COUNSEL   205

BRIAN T. MOTO        5421
Corporation Counsel
MOANA M. LUTEY       6385
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Phone:   (808) 270-7740
Fax: (808) 270-7152
E-mail: moana.lutey@co.maui.hi.us
S:\ALL\MMR\CIV\Kaapuni\PretrialStatement.wpd

Attorneys for Defendants
 CARLTON HELM, CHRISTINA WILLIAMS, KELLY PAUOLE, JAMIE WINFREY,
HAROLD MANAOIS, KAENA BROWN AND COUNTY OF MAUI

                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII


| | |
|---|---|
| BARBARA KALANIKIEKIE KAAPUNI;<br>JON HANS KAAPUNI, SR., PAMELA<br>NOHOLANI KAAPUNI, JON HANS<br>KAAPUNI, JR., FALLON<br>KALANIKIEKIE KAAPUNI, and TYRAH<br>NOHOLANI KAAPUNI by her best<br>friend JON HANS KAAPPUNI, SR.,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>CARLTON HELM, in his individual<br>capacity; STAG SAGARIO, in his<br>individual capacity, CHRISTINA<br>WILLIAMS, in her individual<br>capacity, KELLY ARLOS, in his<br>individual capacity, JAMIE<br>WINFREY, in her individual<br>capacity, HAROLD MANAOIS, in his<br>individual capacity, KEANA<br>BROWN, in her individual<br>capacity, and the COUNTY OF<br>MAUI,<br><br>                    Defendants.<br>_____ | CIVIL NO CV-04-00449-SOM-LEK<br><br>DEFENDANTS CARLTON HELM,<br>CHRISTINA WILLIAMS, KELLY<br>PAUOLE, JAMIE WINFREY,<br>HAROLD MANAOIS, KAENA BROWN<br>AND COUNTY OF MAUI'S FINAL<br>PRETRIAL STATEMENT |

**CARLTON HELM, CHRISTINA WILLIAMS, KELLY PAUOLE, JAMIE WINFREY, HAROLD MANAOIS, KAENA BROWN AND COUNTY OF MAUI'S FINAL PRETRIAL STATEMENT**

Defendants CARLTON HELM, CHRISTINA WILLIAMS, KELLY PAUOLE, JAMIE WINFREY, HAROLD MANAOIS, KAENA BROWN AND COUNTY OF MAUI ("COUNTY DEFENDANTS"), by and through their attorneys, Brian T. Moto, Corporation Counsel, and Moana M. Lutey, Deputy Corporation Counsel, hereby submit their pretrial statment pursuant to Local Rule 16.6 of the Rules of the United States District Court for the District of Hawaii.

A.    **Parties**

This pretrial statement is filed on behalf of County Defendants.

B.    **Jurisdiction and Venue**

County Defendants do not dispute that jurisdiction and venue are appropriate in this Court.

C.    **Substance of Action**

This action arises out of Plaintiffs' allegations that County Defendants illegally entered their home while executing a search warrant.

D.    **Undisputed Facts**

County Defendants do not dispute the fact that Plaintiffs' sliding glass door was broken to gain entry during execution of a search warrant.  County Defendants assert that the

2

breaking of the glass sliding door was appropriate because the police properly performed the knock and announce.

### E.   **Disputed Factual Issues**

Plaintiffs dispute that County Defendants performed a knock and announce.

### F.   **Points of Law**

It is well recognized that ". . .officers executing search warrants on occasion must damage property in order to perform their duty." <u>Dalia v. U.S.</u>, 441 U.S. 238, 258 (1979). Hawaii Revised Statutes §803-37 permits officers to break doors when necessary:

> The officer charged with the warrant, if a house. . .may enter it without demanding permission if the officer finds it open.  If the doors are shut the officer must declare the officer's office and the officer's business, and demand entrance.  **If the doors. . .are not immediately opened, the officer may break them.** (Emphasis supplied).

The United States Supreme Court has held that a factor to consider when determining whether a search was reasonable is to examine whether the officers, ". . .announced their presence and authority prior to entering." <u>Wilson v. Arkansas</u>, 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995).  In the case at hand, the officers announced their presence, and their purpose for being there, on three occasions before entering Plaintiffs' home.

G.    **Previous Motions**

County Defendants have previously filed two motions for summary judgment. The first was filed on May 11, 2005. On August 26, 2005, the Court issued its Order Granting in Part Defendants' Motion for Summary Judgment. That order granted summary judgment to the County of Maui. The Court requested further briefing on the issue of qualified immunity for the officers. On September 2, 2005, the parties submitted supplemental briefs.

On September 12, 2005, a hearing was held on County Defendants' Motion for Summary Judgment. By order dated September 19, 2005, the Court granted summary judgment for the officers on Count One in Plaintiffs' complaint, which alleged that the search warrant was invalid and that Plaintiffs had been illegally detained. Summary Judgment was also granted for the officers in respect to Counts Two and Three. The only remaining issues left for adjudication were: 1). alleged damage to the sliding glass door and carpet contained in Count One; and 2). punitive damages as alleged in Count Five.

The second Motion for Summary Judgment was filed on November 28, 2005. On January 17, 2006, the Court issued its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. Based upon that order, the only claims remaining were for damage to the glass sliding door and punitive damages.

4

H.          **Witnesses to be Called**

The following witnesses may be called to testify on liability and/or damages.

1. Barbara Kalanikiekie Kaapuni, c/o Arthur E. Ross, 126 Queen Street, Ste. 210, Honolulu, Hawaii 96813, to testify regarding alleged liability and damages and authenticity of documents.

2. Jon Hans Kaapuni, Sr., c/o Arthur E. Ross, 126 Queen Street, Ste. 210, Honolulu, Hawaii 96813, to testify regarding alleged liability and damages and the authenticity of documents.

3. Pamela Noholani Kaapuni, c/o Arthur E. Ross, 126 Queen Street, Ste. 210, Honolulu, Hawaii 96813, to testify regarding alleged liability and damages and authenticity of documents.

4. Jon Hans Kaapuni, Jr., c/o Arthur E. Ross, 126 Queen Street, Ste. 210, Honolulu, Hawaii 96813, to testify regarding alleged liability and damages and authenticity of documents.

5. Fallon Kalanikiekie Kaapuni, c/o Arthur E. Ross, 126 Queen Street, Ste. 210, Honolulu, Hawaii 96813, to testify regarding alleged liability and damages and authenticity of documents.

6. Tyrah Noholani Kaapuni, c/o Arthur E. Ross, 126 Queen Street, Ste. 210, Honolulu, Hawaii 96813, to testify regarding alleged liability and damages and authenticity of documents.

7. Carlton Helm, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding the

subject incident and damages.

8.  Ronald Sagario, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding the subject incident and damages.

9.  Christina Williams, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding the subject incident and damages.

10.  Kelly Pauole, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding the subject incident and damages.

11.  Jamie Winfrey, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding the subject incident and damages.

12.  Harold Manaois, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding the subject incident and damages.

13.  Kaena Brown c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding the subject incident and damages.

14.  Jonathan Aquino, Tod Wong, Ryan Aikala, Richard Dods, Jeff Hunt, Wesley Purdy, Randy Esperanza or other representative(s) of the Maui Police Department, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding the subject incident and damages.

15. Custodian of Records for the Maui Police Department will authenticate training records, manuals and other relevant materials for each officer.

16. Samantha M. Shonely, address unknown, to testify regarding the subject incident and damages.

17. Lori Dudoit, address unknown, to testify regarding the subject incident and damages.

18. William Castor, Kaluaaha Lot #5, Kilohana, Hawaii, to testify regarding the subject incident.

19. Lihauokalani Castor, 859 Kikipua Street, Kaunakakai, Hawaii, to testify regarding the subject incident and damages.

20. All witnesses named by Plaintiffs.

County Defendants reserve the right to amend their witness list.

**I.    Exhibits, Schedules and Summaries**

1. Search Warrant of Kaapuni residence by Custodian of Records for Maui Police Department.

2. Diagram of Kaapuni residence by named defendant officers.

3. Photographs of the Kaapuni residence by named defendant officers.

4. Training records of the police officers by Maui Police Department Custodian of Records.

5. All exhibits listed by Plaintiffs.

County Defendants reserve the right to supplement their

exhibit list.

**J.    Further Discovery or Motions**

Discovery has been completed.   Motions in Limine and other trial motions or memoranda will be filed.

**K.    Stipulations**

County Defendants propose the following stipulations for pretrial and trial purposes:

1.    That police officers were in the process of executing a valid search warrant on the Kaapuni residence on January 24, 2004.

2.    That the glass sliding door at the Kaapuni residence was broken for entry by the police officers.

**L.    Amendments, Dismissals**

Ronald Sagario should be dismissed as a defendant in this matter because he has never been served with a complaint. Christina Williams, Jamie Winfrey, Harold Manaois, and Kaena Brown should be dismissed as defendants because they did not participate in the knock and announce or the breaking of the glass sliding door at the Kaapuni residence.

**M.    Settlement discussion**

County Defendants have engaged in settlement discussions with Plaintiff.   County Defendants have offered $1,200.00. Plaintiffs have requested the return of money confiscated from the Kaapuni residence during the execution of the search warrant. County Defendants do not have jurisdiction to release money being

held in evidence in connection with a criminal case and are, therefore, unable to accept this offer.  It is County Defendants understanding that Plaintiffs are willing to accept $1,200.00.

**N.   Agreed Statement**

County Defendants believe that an agreed statement in whole or in part is feasible or desired.

**O.   Bifurcation, separate trial of issues**

County Defendants believe that bifurcation or separate trial of issues is feasible and desirable.

**P.   Reference to Master or Magistrate**

County Defendants would propose trial before a magistrate.

**Q.   Appointment and Limitation of Experts**

The parties have not retained experts.

**R.   Trial**

Trial is scheduled to commence on June 20, 2006, before the Honorable Susan O. Mollway.  Jury demand has been filed.

**S.   Estimate of trial time**

County Defendants believe that trial in this matter should not require more than 1 to 2 trial days.  County Defendants do not expect to take more than one trial day to present their case.

**T.   Claims of Privilege of Work Product**

None of the matters otherwise required to be stated by

9

the local rule regarding pretrial statements is covered by any work product or other privilege.

**U.**     **Miscellaneous**

None at this time.

DATED: Wailuku, Maui, Hawaii, May 8, 2006.

BRIAN T. MOTO
Corporation Counsel
Attorney for Defendant
  COUNTY OF MAUI


By   /s/Moana M. Lutey
        MOANA M. LUTEY
        Deputy Corporation Counsel

10

DEPARTMENT OF THE CORPORATION COUNSEL   205

BRIAN T. MOTO        5421
Corporation Counsel
MOANA M. LUTEY      6385
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Phone:   (808) 270-7740
Fax: (808) 270-7152
E-mail: moana.lutey@co.maui.hi.us
S:\ALL\MMR\CIV\Kaapuni\PretrialStatement.wpd

Attorneys for Defendants
  CARLTON HELM, CHRISTINA WILLIAMS, KELLY PAUOLE, JAMIE WINFREY,
HAROLD MANAOIS, KAENA BROWN AND COUNTY OF MAUI

            IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BARBARA KALANIKIEKIE KAAPUNI; JON HANS KAAPUNI, SR., PAMELA NOHOLANI KAAPUNI, JON HANS KAAPUNI, JR., FALLON KALANIKIEKIE KAAPUNI, and TYRAH NOHOLANI KAAPUNI by her best friend JON HANS KAAPPUNI, SR., | ) ) ) ) ) ) ) ) | CIVIL NO CV-04-00449-SOM-LEK CERTIFICATE OF SERVICE RE: DEFENDANTS CARLTON HELM, CHRISTINA WILLIAMS, KELLY PAUOLE, JAMIE WINFREY, HAROLD MANAOIS, KAENA BROWN AND COUNTY OF MAUI'S PRETRIAL STATEMENT |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| CARLTON HELM, in his individual capacity; STAG SAGARIO, in his individual capacity, CHRISTINA WILLIAMS, in her individual capacity, KELLY ARLOS, in his individual capacity, JAMIE WINFREY, in her individual capacity, HAROLD MANAOIS, in his individual capacity, KEANA BROWN, in her individual capacity, and the COUNTY OF MAUI, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

**CERTIFICATE OF SERVICE RE: DEFENDANT COUNTY OF**
**<u>MAUI'S FINAL PRETRIAL STATEMENT</u>**

I HEREBY CERTIFY that a copy of Defendants Carlton Helm, Christina Williams, Kelly Pauole, Jamie Winfrey,  Harold Manaois, Kaena Brown and County of Maui's Pretrial Statement dated May 8, 2006, was duly served on May 8, 2006, upon the following parties, by depositing same in the U.S. Mail, at their last known addresses:

    Arthur E. Ross, Esq.
    126 Queen Street, Suite 210
    Honolulu, HI  96813

    Rory Soares Toomey, Esq.
    1088 Bishop Street, Suite 1004
    Honolulu, HI  96813
    (Attorneys for Plaintiffs)

    DATED: Wailuku, Maui, Hawaii, May 8, 2006.


                        /s/ Moana M. Lutey
                        MOANA M. LUTEY
                        Attorney for Defendants