DEPARTMENT OF THE CORPORATION COUNSEL    205

BRIAN T. MOTO                  5421
Corporation Counsel
MOANA M. RAMAYA                6385
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Phone:   (808) 270-7740
Fax: (808) 270-7152
E-mail: moana.ramaya@co.maui.hi.us
S:\ALL\MMR\CIV\Kaapuni\juryinstructions.wpd

Attorneys for Defendants
  CARLTON HELM, CHRISTINA HALL, KELLY PAUOLE, JAMIE WINFREY,
HAROLD MANAOIS, KAENA BROWN AND COUNTY OF MAUI

             IN THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF HAWAII


| | |
|---|---|
| BARBARA KALANIKIEKIE KAAPUNI; ) <br> JON HANS KAAPUNI, SR., PAMELA ) <br> NOHOLANI KAAPUNI, JON HANS ) <br> KAAPUNI, JR., FALLON ) <br> KALANIKIEKIE KAAPUNI, and TYRAH ) <br> NOHOLANI KAAPUNI by her best ) <br> friend JON HANS KAAPUNI, SR., ) <br> ) <br>         Plaintiffs, ) <br> ) <br>   vs. ) <br> ) <br> CARLTON HELM, in his individual ) <br> capacity; STAG SAGARIO, in his ) <br> individual capacity, CHRISTINA ) <br> WILLIAMS, in her individual ) <br> capacity, KELLY ARLOS, in his ) <br> individual capacity, JAMIE ) <br> WINFREY, in her individual ) <br> capacity, HAROLD MANAOIS, in his) <br> individual capacity, KEANA ) <br> BROWN, in her individual ) <br> capacity, and the COUNTY OF ) <br> MAUI, ) <br>         Defendants. ) <br> ) <br> _____) | CIVIL NO. CV 04-00449 SOM LEK <br> (Non-Motor Vehicle Tort) <br> <br> DEFENDANTS' AMENDED PROPOSED <br> JURY INSTRUCTIONS; <br> CERTIFICATE OF SERVICE <br> <br> Trial Date:   June 14, 2006 <br> Time:         9:00 a.m. <br> Judge: Hon. Susan Mollway |

**JURY INSTRUCTIONS**

1.   Duty of Judge/Duty of Jury
     B.   After Closing Arguments
2.   Duty to Follow Instructions
3.   Corporation as Party (*Modified*)
4.   Evidence - Excluding Argument of Counsel
5.   Evidence - Objections
6.   Evidence - Excluding Statement of Judge
7.   Evidence - Judicial Notice
8.   Evidence - Stipulations
9.   Evidence - Depositions
10.  Evidence - Interrogatories
11.  Evidence - Direct and Circumstantial
12.  Evidence - Credibility of Witness
13.  Impeachment - Generally
14.  Impeachment - Prior Conviction
15.  Burden of Proof - Preponderance of the Evidence
     A.   Single Claim
16.  Multiple Plaintiffs
17.  Multiple Defendants
18.  Duty to Deliberate
19.  Damages Instructions not Relevant to Liability
20.  Verdict Form
7.2  Standard Instruction - Measures of Types of Damages
Defendants' Proposed Jury Instruction 1
Defendants' Proposed Jury Instruction 2
Defendants' Proposed Jury Instruction 3

COURTS' INSTRUCTION NO. 1(B)

DUTY OF JUDGE/DUTY OF JURY - AFTER CLOSING ARGUMENTS

Members of the Jury:

You have now heard all the evidence in the case as well as the final arguments of the lawyers for the parties.  It is my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in this case.

In any jury trial there are, in effect, two judges.  I am one of the judges; you, the jurors, are the other.  It has been my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is now my duty to instruct you on the law applicable to the case.

COURT'S INSTRUCTION NO. 2

DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened in this case - that is, in reaching your decision as to the facts - it is your sworn duty to follow the law I am not in the process of defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

In deciding the facts of this case you must not be swayed by sympathy, bias, or prejudice as to any party. This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

COURT'S INSTRUCTION NO. 3

COUNTY AS PARTY


The County of Maui is entitled to the same fair consideration at your hands as is a private individual.

COURT'S INSTRUCTION NO. 4

EVIDENCE - EXCLUDING ARGUMENT OF COUNSEL
**(Adjust If There Are No Stipulations and/or No Judicial Notice)**

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes (1) the sworn testimony of the witnesses, (2) the exhibits admitted in the record, (3) any facts or testimony to which the parties have agreed and stipulated, and (4) any facts of which I have taken judicial notice.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of each lawyer is to point out those things that are most significant or most helpful to that lawyer's side of the case, and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

COURT'S INSTRUCTION NO. 5

EVIDENCE - OBJECTIONS


There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered or the exhibit cannot be received, and you must not speculate as to what the answer might have been or what the exhibit might have shown. Nor should you speculate as to the reason for any objection. You must no consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

COURT'S INSTRUCTION NO. 6

EVIDENCE - EXCLUDING STATEMENTS OF JUDGE


During the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions of counsel.  Do not assume from anything I have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

COURT'S INSTRUCTION NO. 7

EVIDENCE - JUDICIAL NOTICE


The court may take judicial notice of certain facts or events.  When the court declares that it will take judicial notice of some fact or event, you must accept the court's declaration as evidence and regard the fact or event that has been judicially noticed as conclusively proved.

COURT'S INSTRUCTION NO. 8

EVIDENCE - STIPULATION


The parties have agreed as to certain facts that have been stated to you.  You should treat these facts as having been proved.

COURT'S INSTRUCTION NO. 9

EVIDENCE - DEPOSITION

Certain testimony has been read into evidence from depositions.  A deposition is testimony taken under oath before the trial and preserved in writing.  You are to consider that testimony as if it had been given in court.

COURT'S INSTRUCTION NO. 10

EVIDENCE - INTERROGATORIES


During the course of the trial you have heard reference made to the word "interrogatory."  An interrogatory is a written question asked by one party of another, who must answer it under oath in writing.  You are to consider interrogatories and the answers to interrogatories the same as if the questions had been asked and answered here in court.

COURT'S INSTRUCTION NO. 11

EVIDENCE - DIRECT AND CIRCUMSTANTIAL


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. 12

EVIDENCE – CREDIBILITY OF WITNESS


I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In weighing the testimony of a witness, you should consider the witness' relationship to the parties; the witness' interest, if any, in the outcome of the case; the witness' manner of testifying; the witness' opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness' candor, fairness, and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact.  You may find that the testimony of a smaller number of witness as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

COURT'S INSTRUCTION NO. 14

IMPEACHMENT - GENERALLY

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of the witness such credibility or weight, if any, as you may think it deserves.

COURT'S INSTRUCTION NO. 16

IMPEACHMENT - PRIOR CONVICTION


The fact that a witness has previously been convicted of a felony or of a crime involving dishonesty or false statement is also a factor you may consider in weighing the credibility of that witness.  The fact of such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to be given to the testimony.

COURT'S INSTRUCTION NO. 18(A)

BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE
SINGLE CLAIM

**(Modify as Necessary to Reflect the Number of Parties Involved)**


The burden is on the plaintiff in a civil action such as this to prove every essential element of the claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so.

In determining whether any fact in issued has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them, as well as any facts I have instructed you to accept. If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, the jury should find for the defendant as to that claim.

COURT'S INSTRUCTION NO. 19

MULTIPLE PLAINTIFFS


Although there is more than one plaintiff in this suit, the case of each is separate from and independent of the other.

The instructions govern the case as to each plaintiff so far as they are applicable to that plaintiff, unless otherwise stated.  You will determine each plaintiff's case separately, the same as if you were trying different lawsuits.

COURT'S INSTRUCTION NO. 20

MULTIPLE DEFENDANTS


Although there is more than one defendant in this suit, it does not follow from that fact alone that all are liable if one is liable.  Each defendant is entitled to a fair and separate consideration of that defendant's own defense and is not to be prejudiced by your decision as to the others.  Unless, otherwise stated, all instructions given apply to the case against each defendant.

You will decide each defendant's case separately.

COURT'S INSTRUCTION NO. 21

DUTY TO DELIBERATE


Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with the other jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of the other jurors, or solely for the purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges - judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

COURT'S INSTRUCTION NO. 22

DAMAGES INSTRUCTION NOT RELEVANT TO LIABILITY


The fact that I have given you instructions concerning the issue of the plaintiff's damages should not be interpreted in any way as an indications that I believe the plaintiff should, or should not, prevail in this case.

COURT'S INSTRUCTION NO. 23

VERDICT FORM


Upon retiring to the jury room you should first select one of your number to act as your foreperson. The foreperson will preside over the deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

(Explain verdict form.)

You will take the verdict form to the jury room, and when you have reached unanimous agreement as to your verdict, your will have your foreperson fill it in, then date and sign it. You will then return to the courtroom.

If, during your deliberations, you desire to communicate with the court, please reduce your message or question to writing signed by the foreperson. The foreperson will then contact the courtroom deputy by using the telephone located in the hallway outside the jury room. The courtroom deputy will pick up the note and bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

STANDARD INSTRUCTION 7.2 MEASURES OF TYPES OF DAMAGES

(Modified)


In determining the measure of damages you should consider the reasonable value of necessary repairs to the door which was damaged.

DEFENDANTS' PROPOSED JURY INSTRUCTION 1

A police officer with a valid warrant may enter the property to be searched by breaking the door if, after the officer announces himself or herself and demands entry, and the door is not immediately opened.

Plaintiffs are required to prove by a preponderance of the evidence that no officer announced himself or herself and demanded entry prior to breaking the door. If Plaintiffs have failed to meet this burden, you must find in favor of all Defendants.[1]

---

[1] Haw. Rev. Stat. § 803-37; 18 U.S.C. §3109.

DEFENDANTS' PROPOSED JURY INSTRUCTION 2


On occasion, officers executing search warrants must damage property in order to perform their duty.[2]

---

[2]<u>Dalia v. United States</u>, 441 U.S. 238, 258 (1979); <u>United States v. Becker</u>, 929 F.2d 442, 446 (9th Cir. 1991)

DEFENDANTS' PROPOSED JURY INSTRUCTION 3

You must accept as fact that a valid search warrant was issued for the Kaapuni residence.  You must not concern yourself with why the search warrant was issued, what the police were searching for,  whether any items were recovered, or what crimes were being investigated.

The law permits an officer to break down a door if, prior to doing so, the  officer announces that he represents the police and is at the residence to execute a search warrant.

The law does not require the officer to ensure that any individual in the residence hears the announcement, the law only requires that the announcement be made.

If you find that an officer made this announcement prior to the door being broken, you must rule in favor of the defendants.[3]

---

[3]Haw. Rev. Stat. §803-37; Pierce v. Burkart, 2005 WL 1862416 (E.D.Mich. 2005); and Maravilla v. U.S., 867 F.Supp. 1363 (N.D.Ill. 1994).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BARBARA KALANIKIEKIE KAAPUNI; JON) HANS KAAPUNI, SR., PAMELA) NOHOLANI KAAPUNI, JON HANS) KAAPUNI, JR., FALLON KALANIKIEKIE) KAAPUNI, and TYRAH NOHOLANI) KAAPUNI by her best friend JON) HANS KAAPUNI, SR., ) )       Plaintiffs, ) )   vs. ) ) CARLTON HELM, in his individual) capacity; STAG SAGARIO, in his) individual capacity, CHRISTINA) WILLIAMS, in her individual) capacity, KELLY ARLOS, in his) individual capacity, JAMIE) WINFREY, in her individual) capacity, HAROLD MANAOIS, in his) individual capacity, KEANA BROWN,) in her individual capacity, and) the COUNTY OF MAUI, )       Defendants. ) ) _____) | CIVIL NO. CV 04-00449 SOM LEK (Non-Motor Vehicle Tort)  CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing

document was duly served on June 7, 2006, upon the following

parties:

|  | Fax/Email | U.S. Mail |
|---|---|---|
| Arthur E. Ross, Esq. 126 Queen Street, Suite 210 Honolulu, Hawaii 96813 | XX | |
| Rory Soares Toomey, Esq. 1088 Bishop Street, Suite 1004 Honolulu, Hawaii 96813 (Attorneys for Plaintiffs) | | XX |

DATED:  Wailuku, Maui, Hawaii, June 7, 2006.

                         BRIAN T. MOTO
                         Corporation Counsel
                         Attorney for Defendants
                           CARLTON HELM, CHRISTINA HALL,
                           KELLY PAUOLE, JAMIE WINFREY,
                           HAROLD MANAOIS, KAENA BROWN AND
                           COUNTY OF MAUI

                         By/s/ Moana M. Lutey
                           MOANA M. LUTEY
                           Deputy Corporation Counsel