**ORIGINAL**

ARTHUR E. ROSS, #1005
126 QUEEN STREET, SUITE 210
HONOLULU, HAWAII 96813
TELEPHONE NO. 521-2323

RORY SOARES TOOMEY, #2323
1088 BISHOP STREET, SUITE 1004
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7162

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BARBARA KALANIKIEKIE KAAPUNI ET AL, | CIVIL NO. CV-04-00449-SOM-LEK |
| Plaintiffs, | NOTICE OF FILING PLAINTIFFS' PROPOSED JURY INSTRUCTIONS; CERTIFICATE OF SERVICE |
| vs. | |
| CARLTON HELM, in his individual capacity, ET AL, | |
| Defendants. | Trial is set for June 14, 2006 |

## NOTICE OF FILING PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Barbara Kalanikiekie Kaapuni, Jon Hans Kaapuni, Sr., Pamela Noholani Kaapuni, Jon Hans Kaapuni, Jr., Fallon Kalanikiekie Kaapuni, and Tyrah Noholani Kaapuni Arthur E. Ross, Esq., and Rory Soares Toomey, Esq. submits their proposed jury instructions which have not been agreed to by the parties.

The Plaintiffs reserves their right to withdraw any proposed instruction, to add new instructions, and/or to amend any proposed instruction. By submitting these proposed instructions, the Plaintiffs do not admit or concede that any particular issue is, or may be properly submitted to the jury, nor do the Plaintiffs admit or concede that any particular issue is a jury issue as opposed to a matter to be decided by the Court.

Nothing in these instructions constitutes consent by the Plaintiff to try any issue raised in the pleadings.

DATED: Honolulu, Hawaii, June 6, 2006

_____
ARTHUR E. ROSS
RORY SOARES TOOMEY
Attorneys for Plaintiffs
BARBARA KALANIKIEKIE
KAAPUNI, JON HANS
KAAPUNI, Sr., PAMELA
NOHOLANI KAAPUNI, JON
HANS KAAPUNI, Jr., FALLON
KALANIKIEKIE KAAPUNI,
AND TYRAH NOHOLANI
KAAPUNI by her best friend
JON HANS KAAPUNI, Sr.

## Plaintiff's Proposed Jury Instruction 1

On the Plaintiffs' claim against the Defendants for the Defendants' violation of their Fourth Amendment rights when the Defendants did not announce their presence at the Plaintiffs' home, demand entry into the Plaintiffs' home, and give the Plaintiffs' a reasonable time to comply with that demand. prior to smashing in a sliding glass door to gain entry. The Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. The acts or omissions of the Defendants were intentional;
2. The Defendants acted under the color of state law; and
3. The acts or omissions of the Defendants were the legal cause of the deprivation of the Plaintiff's rights protected by the Constitution and/or laws of the United States.

If you find that each of the elements on which the Plaintiff has the burden of proof has been proved, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for the Defendants.

CITE:   Section 11.1 Ninth Circuit Manual of Modern Jury Instruction (2001) (modified) <u>Wilson v. Arkansas</u>, 514 U.S. 927, 115 S. Ct. 1914 (1995), <u>United States v. Granvile</u>, 222 F. 3d 1214, 1218 (9th Cir. 2000).and <u>Hawaii Revised Statutes</u> 803-37

\_\_\_\_ Given as Requested
\_\_\_\_ Given as Modified
\_\_\_\_ Refused
\_\_\_\_ Withdrawn

Over objection of:
\_\_\_\_ Plaintiff
\_\_\_\_ Defendants

## Plaintiff's Proposed Jury Instruction 2

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

CITE:   Section.1.3 and 5.1 Ninth Circuit Manual of Modern Jury Instruction (2001) (modified)

\_\_\_\_ Given as Requested
\_\_\_\_ Given as Modified
\_\_\_\_ Refused
\_\_\_\_ Withdrawn

Over objection of:
\_\_\_\_ Plaintiff
\_\_\_\_ Defendants

## Plaintiff's Proposed Jury Instruction 3

This action was brought by a private citizen against persons who are employed as police officer by the City and County of Honolulu, State of Hawaii. This case should be considered and decided by you as an action between persons of equal standing in the community, equal worth, and holding the same or similar station in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

Schwartz **Section 1983 Litigation** Section 3.03 as modified as adapted from Kerr v. Chicago, 425 F. 2d 1134 (7th Cir.) Cert. denied 400 U. S. 833 (1970)

\_\_\_\_ Given as Requested
\_\_\_\_ Given as Modified
\_\_\_\_ Refused
\_\_\_\_ Withdrawn

Over objection of:
\_\_\_\_ Plaintiff
\_\_\_\_ Defendants

<u>Plaintiff's Proposed Jury Instruction 4</u>

An act is a cause of an injury or damage if it played any part, no matter how small, in bringing about the injury or damage. Therefore, even if the act operated in combination with some other cause, the act is a cause of the injury or damage if it played any part, no matter how small, in bringing about the injury or damage.

CITE:   Section.1.3 and 5.1 Ninth Circuit Manual of Modern Jury Instruction (2001) (modified)

\_\_\_\_ Given as Requested
\_\_\_\_ Given as Modified
\_\_\_\_ Refused
\_\_\_\_ Withdrawn

Over objection of:
\_\_\_\_ Plaintiff
\_\_\_\_ Defendants

<u>Plaintiff's Proposed Jury Instruction 5</u>

In order to be acting under color of state law the acts must be performed

while the official is acting, purporting, or pretending to act in the performance of her official duty.

CITE: <u>McDade v. West</u>, 223 F. 3d 1135 (9th Cir. 2000), Section 11.2 Ninth Circuit Manual of Modern Jury Instruction (2001) (modified) and Defendant Nancy Murphy's Trial Brief, filed October 7, 2003, page 6.

\_\_\_\_ Given as Requested
\_\_\_\_ Given as Modified
\_\_\_\_ Refused
\_\_\_\_ Withdrawn

Over objection of:
\_\_\_\_ Plaintiff
\_\_\_\_ Defendants

## Plaintiff's Proposed Jury Instruction 6

In executing a search warrant, the police officers who are executing that warrant have an affirmative duty to announce their presence, to demand entry into the premises to be searched, and to give the occupants in that premises a reasonable time to respond to their demand.

CITE: Wilson v. Arkansas, 514 U.S. 927, 115 S. Ct. 1914 (1995), United States v. Granvile, 222 F. 3d 1214, 1218 (9th Cir. 2000).and Hawaii Revised Statutes 803-37

\_\_\_\_ Given as Requested
\_\_\_\_ Given as Modified
\_\_\_\_ Refused
\_\_\_\_ Withdrawn

Over objection of:
\_\_\_\_ Plaintiff
\_\_\_\_ Defendants

<u>Plaintiff's Proposed Jury Instruction 7</u>

The Plaintiffs claim that the Defendants intentionally deprived the Plaintiff of the Fourth Amendment constitutional right to be free from an unreasonable seizure when the Defendants did not announce their presence at the Plaintiffs' home, demand entry into the Plaintiffs' home, and give the Plaintiffs' a reasonable time to comply with that demand.

The Plaintiff have the burden of proving by a preponderance of the evidence that the Defendants acted unreasonably when they did not follow the statutory requirements for executing a search warrant.

CITE: Section 115 Ninth Circuit Manual of Modern Jury Instruction (2001) (modified); <u>Wilson v. Arkansas</u>, 514 U.S. 927, 115 S. Ct. 1914 (1995), <u>United States v. Granvile</u>, 222 F. 3d 1214, 1218 (9th Cir. 2000).and <u>Hawaii Revised Statutes</u> 803-37

\_\_\_\_ Given as Requested
\_\_\_\_ Given as Modified
\_\_\_\_ Refused
\_\_\_\_ Withdrawn

Over objection of:
\_\_\_\_ Plaintiff
\_\_\_\_ Defendants

## Plaintiff's Proposed Jury Instruction No. 8

If you find for the plaintiff on any of Plaintiff's Fourth Amendment claim, you must determine Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence which will reasonably and fairly compensate the plaintiff for the deprivation of civil rights legally caused by the defendant.

In determining the amount of his damages, if any, you shall take into consideration the money that the plaintiff had to expend in medical treatment, prescription drugs, along with the loss of income that she suffered as a legal cause of the Defendants acts, as well as the amounts of money to compensate him for the outrage, mental suffering, shame, humiliation, and ridicule that he suffered.

Your award must be based upon evidence and not upon speculation guesswork or conjecture.

CITE:   Section 11.1 9th Circuit Manual of Modern Jury Instruction (2001) (modified)
_____ Given as Requested
_____ Given as Modified
_____ Refused
-_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

## Plaintiff's Proposed Jury Instruction No. 9

The law that applies to this case authorizes an award of nominal damages. If you find for the Plaintiff but that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal Damages may not exceed one dollar.

CITE:   Section 11.6 9th Circuit Manual of Modern Jury Instruction (2001)

\_\_\_\_ Given as Requested
\_\_\_\_ Given as Modified
\_\_\_\_ Refused
-\_\_\_\_ Withdrawn

Over objection of:
\_\_\_\_ Plaintiff
\_\_\_\_ Defendants

11

<u>Plaintiff's Proposed Jury Instruction No. 10</u>

    If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

    The plaintiff has the burden of proving that punitive damages should be awarded, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was oppressive, malicious, or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to the safety and /or rights of others.

    If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

CITE:    Section.7.5 9th Circuit Manual of Modern Jury Instruction (2001) (modified) <u>Dang v. Cross</u>, 422 F. 3d 800 (9th Cir. 2005)

____ Given as Requested
____ Given as Modified
____ Refused
-____ Withdrawn

Over objection of:
____ Plaintiff
____ Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BARBARA KALANIKIEKIE KAAPUNI, JON HANS KAAPUNI, Sr., PAMELA NOHOLANI KAAPUNI, JON HANS KAAPUNI, Jr., FALLON KALANIKIEKIE KAAPUNI, AND TYRAH NOHOLANI KAAPUNI by her best friend JON HANS KAAPUNI, Sr.,<br><br>Plaintiffs,<br><br>vs.<br><br>CARLTON HELM, in his individual capacity, STAG SAGARIO, in his individual capacity, CHRISTINA WILLIAMS, in her individual capacity, KELLY ARLOS, in his individual capacity, JAMIE WINFREY, in her individual capacity, HAROLD MANAOIS, in his individual capacity, KEANA BROWN, in her individual capacity, AND THE COUNTY OF MAUI,<br><br>Defendants. | CIVIL NO. CV-04-00449-SOM-LEK<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 6, 2006 a copy of the attached document was served by United States Mail, first class postage prepaid upon:

MOANA MONIQUE LUETY
200 S. HIGH STREET
WAILUKU, HAWAII 96793

Attorney for Defendant
COUNTY OF MAUI

DATED: Honolulu, Hawaii, June 6, 2006

_____
ARTHUR E. ROSS
RORY SOARES TOOMEY
Attorneys Plaintiffs
BARBARA KALANIKIEKIE KAAPUNI, JON HANS KAAPUNI, Sr., PAMELA NOHOLANI KAAPUNI, JON HANS KAAPUNI, Jr., FALLON KALANIKIEKIE KAAPUNI, AND TYRAH NOHOLANI KAAPUNI by her best friend JON HANS KAAPUNI, Sr.